IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

| | |
|---|---|
| FRANK GALLARDO-THUNDER HAWK, | CV 17-00004-GF-BMM-JTJ |
| Plaintiff, | |
| vs. | ORDER AND FINDINGS AND RECOMMENDATIONS |
| TWO USM'S NAMES UNKNOWN, | |
| Defendants. | |

This matter is pending on Plaintiff Frank Gallardo-Thunder Hawk's

Amended Complaint.[1]

## I. STATEMENT OF CASE

### A. Parties

Mr. Gallardo-Thunder Hawk is a federal prisoner who, according to

PACER, was convicted by jury on August 31, 2016 of abusive sexual contact.

*United States v. Gallardo*, Criminal Action No. 15-cr-50061-JLV-1 (Western

Division for the District of South Dakota).

He names the following Defendants:  the United States of America, the State

---

[1]"[T]he general rule is that an amended complaint supercedes [sic] the
original complaint and renders it without legal effect."  *Lacey v. Maricopa Cty.*,
693 F.3d 896, 927 (9th Cir. 2012); *see also Valadez-Lopez v. Chertoff*, 656 F.3d
851, 857 (9th Cir. 2011).

of Montana, United States Deputy Marshal Dana Rossmiller, and two unknown

United States Marshals.  (Amd. Cmplt., Doc. 9 at 3-4, 9.)

### B.  Allegations

Mr. Gallardo-Thunder Hawk alleges that on October 17, 2016, two United

States Marshals picked him up at the Great Falls County Jail and took him to the

federal courthouse.[2]  They arrived at the courthouse at 12:15 and he was placed in

a holding cell while "still being cuffed black boxed" to his belly chain with his legs

cuffed.  He was unable to move to use the bathroom and tried to get the Marshals

attention to no avail.  After a few hours of holding it, he attempted to use the

restroom but could not because of the chains, cuffs, and jumpsuit.  He was in so

much pain that he laid down.  He eventually urinated and defecated on himself.  He

alleges he was left in pain with urine and feces on himself for about two and a half

hours.  At around 5:00 p.m., another officer moved him to a different cell and

provided him with new clothing.  (Amd. Cmplt., Doc. 9 at 10.)

Mr. Gallardo-Thunder Hawk alleges that as a result of this incident he has

---

[2]The Complaint and Amended Complaint indicate that the incident at issue took place on October 17, 2016 but the Court's records indicate that Mr. Gallardo-Thunder Hawk was arrested on October 16, 2015 and made his initial appearance in this Court on October 19, 2015.  *See United States v. Gallardo*, 15-mj-00033-GF-JTJ.  The Court will therefore assume for purposes of this Order that the incidents at issue occurred on or about October 17, 2015.

problems going to the bathroom, pain in his lower belly, and has mental health

issues.  (Amd. Cmplt., Doc. 9 at 5.)

## II.  SCREENING PURSUANT TO 28 U.S.C. §§ 1915, 1915A

Mr. Gallardo-Thunder Hawk is a prisoner proceeding in forma pauperis so

the Court must review his Complaint under 28 U.S.C. §§ 1915, 1915A.  Sections

1915A(b) and 1915(e)(2)(B) require the Court to dismiss a complaint filed in

forma pauperis and/or by a prisoner against a governmental defendant before it is

served if it is frivolous or malicious, fails to state a claim upon which relief may be

granted, or seeks monetary relief from a defendant who is immune from such

relief.

A complaint is frivolous if it "lacks an arguable basis either in law or in

fact."  *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  "A case is malicious if it

was filed with the intention or desire to harm another."  *Andrews v. King*, 398 F.3d

1113, 1121 (9th Cir. 2005).  A complaint fails to state a claim upon which relief

may be granted if a plaintiff fails to allege the "grounds" of his "entitlement to

relief."  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quotation

omitted).  Rule 8(a)(2) requires a complaint to "contain sufficient factual matter,

accepted as true, to state a claim to relief that is plausible on its face."  *Ashcroft v.*

*Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted).

Rule 8 of the Federal Rules of Civil Procedure provides that a complaint "that states a claim for relief must contain . . . a short and plain statement of the claim showing that the [plaintiff] is entitled to relief." Fed.R.Civ.P. 8(a)(2). In order to satisfy the requirements in Rule 8 a complaint's allegations must cross "the line from conceivable to plausible." *Ashcroft v. Iqbal*, 556 U.S. 662, 680 (2009).

There is a two-step procedure to determine whether a complaint's allegations cross that line. *See Twombly*, 550 U.S. at 556; *Iqbal*, 556 U.S. 662. First, the Court must identify "the allegations in the complaint that are not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 679, 680. Factual allegations are not entitled to the assumption of truth if they are "merely consistent with liability," or "amount to nothing more than a 'formulaic recitation of the elements' of a constitutional" claim. *Id.* at 679, 681. A complaint stops short of the line between probability and the possibility of relief where the facts pled are merely consistent with a defendant's liability. *Id.* at 678.

Second, the Court must determine whether the complaint states a "plausible" claim for relief. *Iqbal*, 556 U.S. at 679. A claim is "plausible" if the factual allegations, which are accepted as true, "allow[ ] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. This

inquiry is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679 (citation omitted). If the factual allegations, which are accepted as true, "do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not "show[n]"—"that the pleader is entitled to relief." *Id.* (*citing* Fed.R.Civ.P. 8(a)(2)).

"A document filed *pro se* is 'to be liberally construed,' and 'a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.' " *Erickson v. Pardu*, 551 U.S. 89, 94 (2007); *cf.* Fed. Rule Civ. Proc. 8(e) ("Pleadings must be construed so as to do justice").

### A.  Due Process Claim

Mr. Gallardo-Thunder Hawk brings his claims under both the Fifth and Fourteenth Amendments to the United States Constitution. For purposes of this Order, the Court will assume that Mr. Gallardo-Thunder Hawk was a pretrial detainee at all times relevant to his Complaints. But because he was in federal custody at the time of the incident alleged, his claims arise under the Fifth Amendment substantive due process clause. The Fourteenth Amendment is not applicable to the federal government or federal action. *Simpson v. United States*, 342 F.2d 643 n. 1 (7th Cir. 1965); *Ducharme v. Merrill-Nat'l Lab.*, 574 F.2d 1307,

1310 (5th Cir. 1978).

The Court will liberally construe Mr. Gallardo-Thunder Hawk's constitutional claims under *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971). "*Bivens* established that the victims of a constitutional violation by a federal agent have a right to recover damages against the official in federal court despite the absence of any statute conferring such a right." *Carlson v. Green*, 446 U.S. 14, 18 (1980). *Bivens* is the "federal analogue" to 42 U.S.C. § 1983. *Hartman v. Moore*, 547 U.S. 250, 254, 255 n.2 (2006).

In *Bivens*, the Supreme Court recognized an implied cause of action for damages against federal officers for an alleged violation of a citizen's rights under the Fourth Amendment. *Bivens*, 403 U.S. at 397. After *Bivens*, the Supreme Court has found a similar cause of action implied against federal actors for alleged violations of the Cruel and Unusual Punishment clause of the Eighth Amendment. *Correctional Services Corp. v. Malesko*, 534 U.S. 61, 67-68 (2001) (*citing Carlson v. Green*, 446 U.S. 14 (1980)). However, last month, the United States Supreme Court questioned whether a *Bivens* remedy can be implied in a prisoner abuse case arising under the Fifth Amendment as opposed to the Eighth Amendment. *Ziglar v. Abbasi*, ___ S.Ct. ___, 2017 WL 2621317 (June 19, 2017). The *Ziglar* case was remanded on this issue with regard to pretrial detainees claims against a warden

defendant.  *c.f. Sell v. United States*, 539 U.S. 166, 193, 123 S.Ct. 2174, 156 L.Ed.2d 197 (2003) (Scalia, J., dissenting) ("[A] [Bivens ] action ... is available to federal pretrial detainees challenging the conditions of their confinement").  For purposes of this Order, however, the Court will presume that there is an implied right of action under *Bivens*.

Due process requires that a pretrial detainee not be punished prior to a lawful conviction.  *Bell v. Wolfish*, 441 U.S. 520, 535.  The government, however, may detain individuals to ensure their presence at trial and may subject them to the conditions and restrictions of the detention facility so long as those conditions and restrictions do not amount to punishment.  *Bell*, 441 U.S. at 536–37.  The determination of whether a condition of pretrial detention amounts to punishment turns on whether the condition is imposed for the purpose of punishment or whether it is incident to some legitimate government purpose.  *Bell*, 441 U.S. at 538.  An intent to punish on the part of detention facility officials is sufficient to show unconstitutional pretrial punishment.  *Bell*, 441 U.S. at 538.  Further, "if a restriction or condition is not reasonably related to a legitimate goal—if it is arbitrary or purposeless—a court permissibly may infer that the purpose of the governmental action is punishment[.]" *Bell*, 441 U.S. at 539.

In light of Mr. Gallardo-Thunder Hawk's allegations that he was kept in a

holding cell for nearly five hours without the ability to use the restroom, he repeatedly requested to use the restroom, and he was forced to endure severe pain and lay in his own excrement for several hours, the Court finds that he has at least stated a Fifth Amendment substantive due process claim against the two "John Doe" United States Marshals.

### B. Federal Tort Claims Act

In the caption of his Amended Complaint, Mr. Gallardo-Thunder Hawk named the United States.  The United States through the Federal Tort Claims Act, has made a limited waiver of sovereign immunity.  *FDIC v. Meyer*, 510 U.S. 471, 475, 114 S.Ct. 996, 127 L.Ed.2d 308 (1994); *see Myers & Myers, Inc. v. United States Postal Service*, 527 F.2d 1252, 1256 (2nd Cir. 1975) (Federal Tort Claims Act waived sovereign immunity for certain torts committed by federal employees and federal agencies).  Therefore, the Court liberally construes Mr. Gallardo-Thunder Hawk's pleadings as raising a claim under the Federal Tort Claim Act.  While there may be defenses to this claim, the United States will be required to file a responsive pleading.[3]

_____

[3]It is not clear whether Mr. Gallardo-Thunder Hawk has completed the administrative review process required by 28 U.S.C. § 2401(b) which requires a tort claim against the United States to be presented in writing to the appropriate Federal agency within two years after such claim accures.  *See also McNeil v. United States*, 508 U.S. 106 (1993).  But since it is not clear whether the FTCA's

### C.  Defendants

#### 1.  State of Montana

The Court cannot conceive of a potential claim against the State of Montana since Mr. Gallardo-Thunder Hawk was in federal custody at all times relevant to his Complaints.  Regardless, the Eleventh Amendment bars suit in federal court against a state and/or state agencies absent a valid abrogation of immunity by Congress or an express waiver of immunity by the State.  *See Idaho v. Coeur d'Alene Tribe of Idaho*, 521 U.S. 261, 267–268 (1997); *Edelman v. Jordan*, 415 U.S. 651, 653 (1974); *Puerto Rico Aqueduct & Sewer Authority v. Metcalf & Eddy, Inc.*, 506 U.S. 139, 144 (1993).  The State of Montana has waived immunity only for tort claims brought in state court.  Mont. Code Ann. § 2-9-101 et seq.  Thus, the State of Montana has Eleventh Amendment immunity from suit in federal court.  In addition, States are not "persons" subject to suit for money damages under section 1983.  *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 65, 71 (1989).  The State of Montana should be dismissed.

#### 2.  Supervisory Deputy U.S. Marshal Dana Rosssmiller

Section 1983 imposes individual liability upon state actors only when their

---

exhaustion requirement is a defense or a pleading requirement, this claim will be served upon the United States.  *See Wyatt v. Terhune*, 315 F.3d 1108, 1119 n. 13 (9th Cir. 2003).

personal conduct violates a plaintiff's constitutional rights.  *Monell v. Department of Social Services*, 436 U.S. 658, 691-94 (1978).  This can be established in two ways.  First, an individual can be held liable for their own personal acts which directly cause an injury.  But in order to make such a claim, a plaintiff must make specific factual allegations regarding what each defendant did or did not do.  General statements such as "violated my rights" are insufficient.

Secondly, an individual can be held liable in their individual capacity under a theory of supervisory liability.  "[A] plaintiff may state a claim against a supervisor for deliberate indifference based upon the supervisor's knowledge of and acquiescence in unconstitutional conduct by his or her subordinates."  *Starr v. Baca*, 652 F.3d 1202 (9th Cir. 2011).  But supervising officers cannot be held liable under a respondeat superior theory under section 1983.  *Monell*, 436 U.S. at 691-94.  That is, a defendant cannot be held liable just because they supervise other employees.  Instead, supervising officers can be held liable under § 1983 (and presumably *Bivens*) "only if they play an affirmative part in the alleged deprivation of constitutional rights."  *King v. Atiyeh*, 814 F.2d 565, 568 (9th Cir. 1987).

A supervisor may be liable:  (1) for setting in motion a series of acts by others, or knowingly refusing to terminate a series of acts by others, which they knew or reasonably should have known would cause others to inflict constitutional

injury; (2) for culpable action or inaction in training, supervision, or control of subordinates; (3) for acquiescence in the constitutional deprivation by subordinates; or (4) for conduct that shows a reckless or callous indifference to the rights of others. *Larez v. City of Los Angeles*, 946 F.2d 630, 646 (9th Cir. 1991).

Allegations against supervisors which resemble "bald" and "conclusory" allegations will be recommended for dismissal. *Hydrick v. Hunter*, 669 F.3d 937 (9th Cir. 2012). Allegations that a supervisory defendant had personal knowledge of a constitutional violation will be insufficient without "specific allegations regarding each Defendant's purported knowledge" of the violation. *Hydrick*, 669 F.3d at 942. If naming a Defendant as a supervisor, Mr. Gallardo-Thunder Hawk must allege "sufficient facts to plausibly establish the defendant's 'knowledge of' and 'acquiescence in' the unconstitutional conduct of his subordinates." *Hydrick*, 669 F.3d at 942 *citing Starr*, 652 F.3d at 1206–07.

Mr. Gallardo-Thunder Hawk makes no allegations against Mr. Rossmiller and he appears to name him simply because he was a supervisor. There is no allegation that Mr. Rossmiller was aware of the situation on October 17, 2015 or that he played any role in the alleged violated of Mr. Gallardo-Thunder Hawk's rights. Mr. Rossmiller should be dismissed.

### 3. Unnamed U.S. Marshals

The Court has reviewed Mr. Gallardo-Thunder Hawk's pleading to consider whether his claims against the two unnamed U.S. Marshals who placed him in the holding cell on October 17, 2015 can survive dismissal under the provisions of section 1915(e)(2), or any other provision of law. *See Huftile v. Miccio-Fonseca*, 410 F.3d 1136, 1138, 1142 (9 Cir. 2005). As set forth above, the Court finds that at this stage of the proceedings Mr. Gallardo-Thunder Hawk's allegations at least state a claim upon which relief could be granted against these two individuals.

Because Mr. Gallardo-Thunder Hawk is proceeding in forma pauperis, he is entitled to have the Court serve his complaint and summons. Fed. R. Civ. P. 4(c)(3). The Court will attempt to request waiver of service of summons from the Untied States Marshals Office. If they decline service, however, Mr. Gallardo-Thunder Hawk will "be given an opportunity through discovery to identify the unknown defendants, unless it is clear that discovery would not uncover the identities, or that the complaint would be dismissed on other grounds." *Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th Cir. 1980). Should he learn the identities of parties he wishes to serve, he must promptly move pursuant to Rule 15 of the Federal Rules of Civil Procedure to file an amended complaint to add them as defendants. *See Brass v. County of Los Angeles*, 328 F.3d 1192, 1197–98 (9th Cir. 2003).

12

## III.  CONCLUSION

The Court has considered whether Mr. Gallardo-Thunder Hawk's Complaint is frivolous, malicious, fail to state a claim, or seek solely monetary relief from a defendant who is immune.  *See* 28 U.S.C. §§ 1915(e)(2), 1915A(b).  Mr. Gallardo-Thunder Hawk has sufficiently stated a claim under the Fifth Amendment to the United States Constitution and under the Federal Tort Claims Act.  These claims will be served upon the United States and the John Doe U.S. Marshals.  His claims against the State of Montana and Dana Rossmiller are insufficient to state a claim and these defendants should be dismissed.

Based on the foregoing, the Court issues the following:

### ORDER

1.  Pursuant to Fed. R. Civ. P. 4(d), the Court will request the two unnamed United States Marshals who transferred Mr. Gallardo-Thunder Hawk from the Cascade County Detention Facility on October 17, 2015 at approximately 12:15 p.m. and placed him in a holding cell at the Missouri River Federal Courthouse to waive service of summons of Mr. Gallardo-Thunder Hawk's Amended Complaint by executing, or having counsel execute, the Waiver of Service of Summons.  The Waiver must be returned to the Court within **thirty (30) days of the entry date of this Order as reflected on the Notice of Electronic Filing**.  If these Defendants

13

choose to return the Waiver of Service of Summons, their answer or appropriate motion will be due within **60 days of the entry date of this Order as reflected on the Notice of Electronic Filing**, pursuant to Fed. R. Civ. P. 12(a)(1)(B).  *See also* 42 U.S.C. § 1997e(g)(2).

2.  The Clerk of Court mail the following documents to the United States Marshals Office in Great Falls, Montana and to the United States Attorney's Office in Great Falls, Montana:

    \*     Complaint (Doc. 1);
    \*     Amended Complaint (Doc. 9);
    \*     this Order;
    \*     a Notice of Lawsuit & Request to Waive Service of Summons; and
    \*     a Waiver of Service of Summons.

3.  The Clerk of Court shall also issue a summons and serve the Amended Complaint and this Order by registered or certified mail to the civil-process clerk at the United States Attorney's Office and send a copy of each by registered or certified mail to the Attorney General of the United States at Washington, D.C.

4.  Any party's request that the Court grant relief, make a ruling, or take an action of any kind must be made in the form of a motion, with an appropriate caption designating the name of the motion, served on all parties to the litigation, pursuant to Federal Rules of Civil Procedure 7, 10, and 11.  If a party wishes to give the Court information, such information must be presented in the form of a

notice.  The Court will not consider requests made or information presented in letter form.

5.  Mr. Gallardo-Thunder Hawk <u>shall not</u> make any motion for default until at least seventy (70) days after the date of this Order.

6.  At all times during the pendency of this action, Mr. Gallardo-Thunder Hawk must immediately advise the Court and opposing counsel of any change of address and its effective date.  Failure to file a notice of change of address may result in the dismissal of the action for failure to prosecute pursuant to Fed.R.Civ.P. 41(b).

7.  At all times during the pendency of this action, Mr. Gallardo-Thunder Hawk MUST IMMEDIATELY ADVISE the Court of any change of address.  A failure to do so may result in the dismissal of the action for failure to prosecute.

Further, the Court issues the following:

## RECOMMENDATIONS

The State of Montana and Defendant Dana Rossmiller should be DISMISSED.

## NOTICE OF RIGHT TO OBJECT TO FINDINGS & RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT

Mr. Gallardo-Thunder Hawk may file objections to these Findings and Recommendations within fourteen (14) days after service (mailing) hereof.[4]  28 U.S.C. § 636.  Failure to timely file written objections may bar a de novo determination by the district judge and/or waive the right to appeal.

This order is not immediately appealable to the Ninth Circuit Court of Appeals.  Any notice of appeal pursuant to Fed.R.App.P. 4(a), should not be filed until entry of the District Court's final judgment.

DATED this 10th day of July, 2017.


   /s/ John Johnston
John Johnston
United States Magistrate Judge


---

[4]As this deadline allows a party to act after the Findings and Recommendations is "served," it falls under Fed.R.Civ.P. 6(d).  Therefore, three (3) days are added after the period would otherwise expire.

16

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

| | |
|---|---|
| FRANK GALLARDO-THUNDER HAWK, | CV 17-00004-GF-BMM-JTJ |
| Plaintiff, | |
| vs. | Rule 4 Notice of a Lawsuit and Request to Waive Service of Summons |
| TWO USM'S NAMES UNKNOWN, | |
| Defendants. | |

TO:  United States Marshals Service          United States Attorney's Office
     215 1st Avenue North                     119 1st Avenue North
     Great Falls, MT 59401                    Suite 300
                                              Great Falls, MT 59401

A lawsuit has been filed against two unnamed United States Marshals who transferred Mr. Gallardo-Thunder Hawk from the Cascade County Detention Facility on October 17, 2015 at approximately 12:15 p.m. and placed him in a holding cell at the Missouri River Federal Courthouse under the number shown above.  A copy of the Amended Complaint is attached.

This is not a summons or an official notice from the court.  It is a request that, to avoid the cost of personal service, these officers waive formal service of a summons by signing and returning the enclosed waiver.  To avoid these expenses, they must file the signed waiver within 30 days from the date shown below, which

1

is the date this notice was sent.

If these officers file the signed waiver, the action will then proceed as if they were served on the date the waiver is filed, but no summons will be served and they will have 60 days from the date this notice is sent (see the date below) to answer the Amended Complaint.

If these officers do not return the signed waiver within the time indicated, the Court will order personal service of the summons and Amended Complaint on these officers and may impose the full costs of such service.

Please read the statement below about the duty to avoid unnecessary expenses.

DATED this 10th day of July, 2017.

   */s/ John Johnston*
John Johnston
United States Magistrate Judge

**Duty to Avoid Unnecessary Expenses of Serving a Summons**

Rule 4 of the Federal Rules of Civil Procedure requires certain defendants to cooperate in saving unnecessary expenses of serving a summons and complaint.  A defendant who is located in the United States and who fails to return a signed waiver of service requested by a plaintiff located in the United States will be

2

required to pay the expenses of service, unless the defendant shows good cause for the failure.

"Good cause" does not include a belief that the lawsuit is groundless, or that it has been brought in an improper venue, or that the court has no jurisdiction over this matter or over the defendant or the defendant's property.

If the waiver is signed and returned, you can still make these and all other defenses and objections, but you cannot object to the absence of a summons or of service.

If you waive service, then you must, within the time specified on the waiver form, serve an answer or a motion under Rule 12 on the plaintiff and file a copy with the court.  By signing and returning the waiver form, you are allowed more time to respond than if a summons had been served.

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

| | |
|---|---|
| FRANK GALLARDO-THUNDER HAWK, | CV 17-00004-GF-BMM-JTJ |
| Plaintiff, | |
| vs. | Rule 4 Waiver of the Service of Summons |
| TWO USM'S NAMES UNKNOWN, | |
| Defendants. | |

TO:   The U.S. District Court for the District of Montana

The following Defendants acknowledge receipt of your request to waive service of summons in this case.  Defendants also received a copy of the Amended Complaint.  I am authorized by the following Defendants to agree to save the cost of service of a summons and an additional copy of the Amended Complaint in this action by not requiring that the following individuals be served with judicial process in the case provided by Fed.R.Civ.P. 4:

_____; _____;

_____; _____;

The above-named Defendants understand that they will keep all defenses or objections to the lawsuit, the Court's jurisdiction, and the venue of the action, but waive any objections to the absence of a summons or of service.

1

Defendants also understands that they must file and serve an answer or a motion under Rule 12 within 60 days from the date when the Request for Waiver of Service of Summons was filed and if they fail to so default judgment will be entered against them.

Date: _____

_____
(Signature of the attorney
or unrepresented party)

_____
(Printed name)

_____
(Address)

_____
(E-mail address)

_____
(Telephone number)

2