IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

| | |
|---|---|
| FRANK GALLARDO-THUNDER HAWK, | CV 17-00004-GF-DLC |
| Plaintiff, | |
| vs. | ORDER |
| TWO USM'S NAMES UNKNOWN, | |
| Defendants. | |

Mr. Gallardo-Thunder Hawk, a federal prisoner proceeding in forma pauperis and without counsel, filed this action alleging he was held in a federal holding cell for nearly five hours without the ability to use the restroom, he repeatedly requested to use the restroom, and was forced to endure severe pain and lay in his own excrement for several hours. (Amd. Cmplt., Doc. 9 at 10.) The Amended Complaint was screened pursuant to 28 U.S.C. §§ 1915, 1915A and United States Magistrate Judge Johnston determined that Mr. Gallardo-Thunder Hawk had at least stated a Fifth Amendment substantive due process claim against the two "John Doe" United States Marshals.

In the caption of his Amended Complaint, Mr. Gallardo-Thunder Hawk named the United States and Judge Johnston liberally construed Mr. Gallardo-Thunder Hawk's pleadings as raising a claim under the Federal Tort Claims Act

1

(FTCA). It could not be determined from the face of the Complaint whether Mr. Gallardo-Thunder Hawk had completed the administrative review process required by 28 U.S.C. § 2401(b) which requires a tort claim against the United States to be presented in writing to the appropriate Federal agency within two years after such claim accures. *See McNeil v. United States*, 508 U.S. 106 (1993). Since it was not clear whether the FTCA's exhaustion requirement is a defense or a pleading requirement, this claim was also served upon the United States. *See Wyatt v. Terhune*, 315 F.3d 1108, 1119 n. 13 (9th Cir. 2003).

The United States filed a Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1) and (6) arguing that the Court lacked subject matter jurisdiction over any claim in this action against the United States under the FTCA because Mr. Gallardo-Thunder Hawk failed to exhaust his administrative remedies. In addition, the United States argues that Mr. Gallardo-Thunder Hawk's claims are outside the scope of the United States' limited waiver of sovereign immunity. (Doc. 20.)

The United States through the FTCA, has made a limited waiver of sovereign immunity. *FDIC v. Meyer*, 510 U.S. 471, 475 (1994); *see Myers & Myers, Inc. v. United States Postal Service*, 527 F.2d 1252, 1256 (2nd Cir. 1975) (FTCA waived sovereign immunity for certain torts committed by federal

2

employees and federal agencies).

Before a plaintiff can file an FTCA action in federal court, he must exhaust the administrative remedies for his claim and file an administrative claim with the appropriate federal agency. 28 U.S.C. § 2675(a); *D. L. v. Vassilev*, 858 F.3d 1242, 1244 (9th Cir. 2017). "An administrative claim is deemed exhausted once the relevant agency finally denies it in writing, or if the agency fails to make a final disposition of the claim within six months of the claim's filing." *D.L.*, 858 F.3d at 1244; *Jerves v. United States*, 966 F.2d 517, 518 (9th Cir. 1992). The administrative exhaustion requirement is jurisdictional, must be strictly adhered to, and cannot be waived. *See D.L.*, 858 F.3d at 1244; *Brady v. United States*, 211 F.3d 499, 502 (9th Cir. 2000).

The United States argues that a review of FTCA administrative claims presented to the United States Marshals Service reveals that Mr. Gallardo-Thunder Hawk did not present his claims arising out of the incidents alleged in the Complaint. (Doc. 20 at 6 citing Declaration of Gerald M. Auerbach, Ex. 1 at 1-2.)[1]

---

[1] In deciding a Rule 12(b)(1) motion, the court may consider materials beyond the pleadings when a defendant makes a factual challenge to subject matter jurisdiction. *Wolfe v. Strankman*, 392 F.3d 358, 362 (9th Cir. 2004). Evidence that goes to the court's subject matter jurisdiction may be submitted and considered when deciding a Rule 12(b)(1) motion. *See Green v. United States*, 630 F.3d 1245, 1248 n.3 (9th Cir. 2011) (on a Rule 12(b)(1) motion, "proof of jurisdictional facts may be supplied by affidavit, declaration, or any other evidence properly before the court, in addition to the pleadings challenged by the motion.").

This undisputed evidence establishes that Mr. Gallardo-Thunder Hawk failed to exhaust his administrative remedies for his claim by failing to file an administrative claim with the United States Marshals Service. As such, the Court lacks subject matter jurisdiction over Mr. Gallardo-Thunder Hawk's FTCA against the United States.

Based upon the foregoing, the Court issues the following:

**ORDER**

1. Mr. Gallardo-Thunder Hawk's FTCA is DISMISSED for lack of subject matter jurisdiction.

2. The United States is DISMISSED.

DATED this 19th day of October, 2017.

Dana L. Christensen, Chief District Judge
United States District Court