
IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

| | |
|---|---|
| FRANK GALLARDO-THUNDER HAWK, Plaintiff, vs. TWO USM'S NAMES UNKNOWN, Defendants. | CV 17-00004-GF-DLC<br><br>ORDER |

Plaintiff Frank Gallardo-Thunder Hawk filed a motion for court order (Doc. 37) which has been construed as a motion to compel and a motion for certificate of appealability (Doc. 38) which has been construed as a motion for interlocutory appeal. Both motions will be denied.

## I. Motion to Court Order

Plaintiff first seeks an order from the Court requiring the Pennington County Jail in Rapid City, South Dakota to release his mental health and medical files. (Doc. 37.) Plaintiff, however, failed to comply with the Court's Scheduling Order which indicated that, "[t]he Court will not consider motions to compel or other discovery disputes unless the moving party complies with Fed. R. Civ. P. 37(a)(1) ("The motion must include a certification that the movant has in good

1

faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action.")." (Scheduling Order, Doc. 34 at 9, ¶ I(H).)

In addition, it is not clear whether Plaintiff has made a formal discovery request for his medical records. Plaintiff was provided a copy of Rule 45 of the Federal Rules of Civil Procedure regarding subpoenas with the Court's Scheduling Order. (Scheduling Order, Doc. 34 at 12, ¶ II(B).) He was also advised that if he wanted to have a subpoena issued he had to submit a proposed subpoena to the Court in final form and provide a justification for it. (Scheduling Order, Doc. 34 at 9, ¶ II(A)(5).) The Clerk of Court will be directed to provide Plaintiff with a blank subpoena form. Should he wish to subpoena his medical records, he must complete that form and submit it to the Court for approval.

As such, the motion for court order (Doc. 37) will be denied without prejudice.

## II. Motion for Certificate of Appealability

The Court construes Plaintiff's motion for certificate of appealability as a request to certify issues for interlocutory appeal pursuant to 28 U.S.C. § 1292(b).[1]

---

[1] Plaintiff presents his motion as a request for a certificate of appealability but a "certificate of appealability" is not applicable in this situation. It is a mechanism by which a petitioner may seek permission from the district court to

2

This statute provides a mechanism by which litigants can bring an immediate appeal of a non-final order upon the consent of both the district court and the court of appeals. The certification requirements are: (1) that there be a controlling question of law, (2) that there be substantial grounds for difference of opinion, and (3) that an immediate appeal may materially advance the ultimate termination of the litigation. "[T]he legislative history of 1292(b) indicates that this section was to be used only in exceptional situations in which allowing an interlocutory appeal would avoid protracted and expensive litigation. *In re Cement Antitrust Litig.*, 673 F.2d 1020, 1026 (9th Cir. 1981).

Plaintiff has not shown that exceptional circumstances exist to certify an interlocutory appeal. He failed to show a controlling question of law, a substantial grounds for a difference of opinion, or that an immediate appeal would advance the ultimate termination of the litigation.

Based upon the foregoing, the Court issues the following:

## ORDER

1. Plaintiff's motion for court order (Doc. 37) as construed as a motion to compel is DENIED WITHOUT PREJUDICE.

2. Plaintiff's motion for certificate of appealability (Doc. 38) as construed

---

appeal the denial of a habeas petition. *See* 28 U.S.C. § 2253(c).

as a motion for interlocutory appeal is DENIED.

3. The Clerk of Court is directed to provided Plaintiff with a blank subpoena form.

DATED this 14th day of December, 2017.

Dana L. Christensen, Chief Judge
United States District Court